1

2

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

3  THOMAS L. WILLIAMS,

4        Plaintiff,

5  v.

6  STATE OF NEVADA, et al.,

7        Defendants.

8

Case No.: 3:19-cv-00715-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 1, 6, 7, 8, 9

9        This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United

10  States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to

11  28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

12        On December 2, 2019, Plaintiff, who is an inmate at the Washoe County Detention Facility

13  (WCDF), filed a pro se civil rights complaint. (ECF No. 1.) It was not accompanied by an

14  application to proceed in forma pauperis (IFP) and required financial certificate or the $400 filing

15  fee ($350 filing fee and $50 administrative fee). On  December 13, 2019 the court issued an order

16  directing the Clerk to send Plaintiff the instructions and application to proceed IFP for an inmate,

17  and gave Plaintiff 30 days to file his completed IFP application and financial certificate or pay the

18  full $400 filing fee. (ECF No. 5.)

19        On December 18, 2019, Plaintiff filed a document titled: "Order to Show Cause For an

20  Preliminary Injunction Civil Violations 4th 5th 6th 8th 14th." (ECF No. 6.) On the same day he

21  filed a motion for appointment of counsel. (ECF No. 7.) On December 23, 2019, Plaintiff filed an

22  application to proceed IFP for an inmate and financial certificate. (ECF No. 8.) On December 31,

23  2019, Plaintiff filed a second IFP application and financial certificate. (ECF No. 9.)

1    Plaintiff's complaint names as defendants: the State of Nevada, Reno Police Department,

2 Reno Police Department Detectives Jane Doe 1 and Jane Doe 2, Public Defender Jim Leslie, and

3 District Attorney Peg Samples. (ECF No. 1-1 at 1-3.)

4    In claim 1, Plaintiff alleges that on May 8, 2019, Reno Police detectives conducted a

5 controlled substances operation targeting Plaintiff. A confidential informant was fitted with a

6 wireless transmitter and provided with $100. Plaintiff reiterates he was not arrested at that time.

7 He was arrested the following day, during a traffic stop when he was a passenger in a vehicle

8 driven by a subject who was known to the police as being involved in the sale of controlled

9 substances. Heroin was located in the vehicle. The driver (who was not the confidential informant)

10 was not cited or arrested. Plaintiff was arrested for possession of a controlled substance and

11 possession with intent, but was only arraigned on an unlawful sale charge that allegedly occurred

12 on May 8th. (ECF No. 1-1 at 4.)

13    In claim 2, Plaintiff alleges that on May 15, 2019, he invoked his Sixth Amendment right

14 to a preliminary hearing within fifteen days of arraignment. He states that an unspecified defendant

15 filed a motion in RJC (presumably Reno Justice Court) prior to the date and at the preliminary

16 hearing notified attorney Jim Leslie.  He states that the prosecution filed a motion not to disclose

17 witnesses. Jim Leslie filed an adverse motion. The prosecution was given ten additional days and

18 after the ten days the attorney advised that the prosecution would offer probation capped at 12 to

19 30 months. He then states that Jim Leslie was conflicted off of the case on November 7, 2019.

20 (ECF No. 1-1 at 5.)

21    In claim 3, Plaintiff alleges that the supposed confidential informant is a friend of Plaintiff's

22 on Facebook. On June 20th, during Plaintiff's arraignment while he was entering his plea, the judge

23 read the pre-sentence report of Lamont Ontario Williams in reference to an agreement between

1  Plaintiff and the State. Plaintiff stated that he said his name was true and correct on line 7: Thomas

2  Lamont Williams. He states there is reason to believe that he was not arrested after the alleged

3  sales because another person with a similar name, Lamont Ontario Williams, was in custody on

4  two grand jury indictments was the defendant. The district attorney is still prosecuting Plaintiff.

5  (ECF No. 1-1 at 6.)

6      In each claim he references Fourth Amendment searches and seizures, due process under

7  the Fifth and Fourteenth Amendments, ineffective assistance of counsel under the Sixth

8  Amendment  cruel and unusual punishment under the Eighth Amendment, and the Equal

9  Protection Clause of the Fourteenth Amendment.

10      While the court would normally address the IFP application and then screen the complaint,

11  it appears that Plaintiff is attempting to challenge his arrest and ongoing State criminal prosecution

12  in this federal court action. He is essentially seeking the federal court's interference in the ongoing

13  State prosecution. "In our American system of dual sovereignty, each sovereign-whether the

14  Federal Government or a State-is responsible for the administration of its own criminal justice

15  system." *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (internal citation

16  and quotation marks omitted). The Supreme Court has recognized the importance of adhering to a

17  "notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the

18  entire country is made up of a Union of separate state governments, and a continuance of the belief

19  that the National Government will fare best if the States and their institutions are left free to

20  perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971).

21  As such, the Supreme Court has long made clear that absent extraordinary circumstances federal

22  courts may not interfere with pending state criminal prosecutions even when they raise issues

23  regarding federal rights or interests.

It is not entirely clear whether Plaintiff is seeking to vindicate federal civil rights, habeas review, or merely wants the issues he is challenging with respect to his criminal arrest and prosecution addressed. If Plaintiff is truly asserting federal civil rights claims, then this action should be dismissed without prejudice under *Younger*. If Plaintiff wishes to just have his challenges to his arrest and prosecution litigated, Plaintiff's issues are more appropriately addressed directly in his State law criminal case, and then in a direct criminal appeal, or subsequently, via a State court habeas petition. Federal habeas review is only appropriate after State administrative remedies have been exhausted.

For these reasons, the court recommends dismissal of this action without prejudice; denial of the outstanding motions (including the applications to proceed IFP, motion for appointment of counsel and motion for injunctive relief); and that this case be administratively closed.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order: **DISMISSING** this action **WITHOUT PREJUDICE**; **DENYING** the outstanding motions (ECF Nos. 6, 7, 8, 9); and administratively closing this action.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

1          2. That this Report and Recommendation is not an appealable order and that any notice of

2   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

3   until entry of judgment by the district court.

4          Dated: March 19, 2020.

5                                                        _William G. Cobb_____
                                                         William G. Cobb
6                                                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

5